## ABNER NEATHERLY v. AMBROSE RIPLEY.

A party having paid all or nearly all of the purchase money under a parol agreement for the sale of land, and having taken possession, which was continued for some time, and made improvements thereon, is entitled to a specific performance of such agreement.

See this case as to whether payment of the purchase money alone is sufficient, under such agreement, to entitle the party to relief.

Error from Titus.    Tried below before Hon. W. S. Todd.

The defendant in error sought a decree, requiring the plaintiff in error, as administrator of Thomas Trent, to make him a title to a tract of land described in the petition, which he alleged he purchased of said Trent in his life time, paid the purchase money, entered into possession, and made valuable improvements thereon ; that Trent died without making him a title. Defendant below pleaded the general issue and set up the Statute of Frauds and Limitations, which latter was stricken out upon motion.

On the trial, the sale by Trent, the payment of the purchase money or the principal part of it, the taking possession, and

the improvements were proven by several witnesses. The possession of the defendant in error continued for about two years.

The Court charged the jury as follows : " If the jury believe from the evidence, that Ripley purchased the land of Trent in his life time, paid the money for it, and took possession, and made such improvements as were valuable to him, they must find a verdict for him. The fact that Ripley moved off the land and remained off *pendente lite*, or during the time the land was in litigation, does not prejudice his legal rights. 1 believe that if there were no valuable improvements made, that the jury should still find for the plaintiff, if the other averments in the petition were proved, because the pleadings show that nothing short of a decree for specific performance would place the parties in *statu quo*, or in the condition that they occupied before the purchase."

There was a verdict and judgment for the defendant in error. Motion for new trial overruled.

*W. H. Johnson*, for plaintiff in error. I. Purchase, and payment of part of the purchase money, not sufficient to exempt a case from the operation of the Statute of Frauds. (Garner v. Stubblefield, 5 Tex. R. 552 ; Dugan v. Colville, 8 Tex. R. 526.)

II. The charge of the Court was erroneous, because not consistent with the doctrine of the above cited cases.

*S. F. Moseley*, for defendant in error, cited Hunt and others v. Turner and others, (9 Tex. R. 385 ;) Ottenhouse v. Burleson, (11 Tex. R. 87.)

HEMPHILL, CH. J. This Court, in the case of Dugan's heirs v. Colville's heirs, (8 Tex. R. 126,) having followed the English decisions exempting from the operation of their Statute

of Frauds parol agreements for the sale of lands, when partly performed, as guides for the construction of our own Statute, we have to consider whether there was such part performance in this case as should take the parol agreement out of the provisions of the Statute.

There has been some conflict of opinion as to what acts shall constitute the part performance, which in the view of Courts of equity will authorise a decree for specific execution of the contract. Formerly payment of earnest, or a part of the purchase money, or at least a considerable part of it, would take the case out of the Statute. But by some of the more modern authorities payment of the whole is not of itself sufficient, on the ground that nothing shall be considered part performance which does not operate as a fraud, unless the agreement be fully performed ; and that the refusal of the vendor (who has received the purchase money) is not a fraud upon the vendee, as the latter may recover the money back with interest, and the case admits of full compensation. This ground, says Judge Story, is not quite satisfactory, as the vendor may become insolvent before the recovery of the money. (2 Story's Eq. Sec. 670.) And it must strike the mind as unsatisfactory on another ground, viz : that where land is constantly rising in value the repayment of the purchase money would, after the lapse of a few years, be but a poor compensation for the land. The equity of the plaintiff in the case on hand is, that he not only paid the whole of the purchase money, or at least all except an inconsiderable portion, (as proven by one of the witnesses,) but that he entered into possession under the purchase, remained a year or two, and made some improvements.

Delivery of possession has uniformly been recognized as such part performance of a parol agreement as will, independent of the Statute, entitle the parties to specific execution. The reason is, that the agreement will protect the vendee in possession from ejectment or action for the rents and profits, and if vaild for that purpose, it should be valid also as ground

for specific performance. This reasoning might not be deemed altogether satisfactory, and certainly the equity of the vendee becomes much more cogent when he not only enters, but continues in possession, and expends much money in building and other improvements. But possession alone, the purchase money being paid, is sufficient, under the authorities, to raise an equity and prevent the contract from being treated as a nullity.

In most of the cases which I have examined, the possession has continued up to the time of suit brought for specific performance, but this, though an additional equity, does not seem essential.

In Kine v. Balf, (2 Ball & Beattey, 343,) a case recognized as one of undoubted authority, the agreement was for a lease, and not being signed by the lessee was treated as one by parol. The lessee was put into possession and paid rent, and having afterwards thrown up the lands suit was brought by the landlord to compel specific performance of the agreement ; and the Chancellor Lord Manners said, that the part performance relied upon, was the possession taken and rent paid in pursuance of the terms of the contract.

" Whether possession be an unequivocal act, amounting to part performance, must depend upon the transaction itself. If it be distinctly referrable to the contract alleged in the pleadings, I think no case has denied that it is a part performance. The defendant is protected from liability as a trespasser, and the plaintiff disabled from dealing with any other person for the farm."

The plaintiff having paid nearly, if not all of the purchase money, and having, under the agrement, taken possession, which was continued for some time, making improvements, we are of opinion that he made out such a case as entitles him to the specific relief sought, and that the judgment below must be affirmed. For authorities that possession is part performance, see 2 Story's Eq., Sec. 761 ; 4 Kent, 451 ; Sugden on

Vendors, 200–1; 1 Fonblanque, 175; 1 Swanston, 172; 9 N. Hampshire, 386; Pugh v. Good, 3 Watts & Serg. 56.

There was sufficient evidence of the facts without reference to the testimony of Overton, to which objection was made.

Judgment affirmed.