### HANNAH MUNK ET AL. V. HENRY WEIDNER, JR.

#### No. 550.

1. **Statute of Frauds—Conveyance of Land.**—A receipt given by certain heirs "in full payment and satisfaction of the amount due us from our mother's estate, the late F. W.," is insufficient under the statute of frauds to convey land.

2. **Same—Sale of Land—Specific Performance of Verbal Contract.**—A verbal contract for the sale of land, where the purchase money has been paid, without additional proof of possession and valuable improvements made, permanent in character, or other facts making the transaction a fraud on the purchaser, will not be enforced.

3. **Same—Tenants in Common.**—The possession of a tenant in common will not operate as a part performance, unless there has been some prior act of open disseizin, or some joint act of partition among all the co-owners.

4. **Same—Coverture and Infancy.**—In order to enforce specific performance of such an agreement, there must be such mutuality in the equitable remedy at the time the agreement is concluded between the parties as will enable both to avail themselves of the remedy, which can not exist when one of the parties is, on account of coverture or infancy, incapable of contracting, or can only contract in the form and manner prescribed by statute.

5. **Same—Estoppel in Pais—Married Women and Infants.**—To estop a married woman from asserting her right to land, she must have been guilty of some positive fraud or act of concealment. Infants are not estopped in pais unless their conduct has been intentional and fraudulent.

6. **Depositions—Interpreter.**—If the officer taking depositions understands the language of the witness and can correctly translate it into English, it is unnecessary for him to use an interpreter in the performance of his official duty, as is prescribed for in article 2230, Revised Statutes.

APPEAL from Guadalupe. Tried below before Hon. T. H. SPOONER.

*Venner & Robinson*, for appellants.—1. To pass the title of a married woman in the sale of her property, it must be done in the mode prescribed by the statute, by deed, and privy examination. If the court could divest the title of a feme covert, its discretion and the opinion of the jury as to the facts would be substituted in lieu of the statute. To estop a married woman from asserting her rights to land, it is essential that she should be guilty of some positive act of fraud, or else guilty of some act of concealment, or suppression, which in law would be equiva-

lent to a positive act of fraud.   Sayles' Civ. Stats., art. 559; Johnson v. Bryan, 62 Texas, 623; Jones and Wife v. Goff, 63 Texas, 248.

2.   No court or officer taking testimony should act as his own interpreter, where the witness does not understand the English language. Sayles' Civ. Stats., art. 2230.

3.   Where the certificate to the deed from a feme covert (receipt is no higher) shows that it was not acknowledged according to statute, such deed is invalid, and to estop the feme covert from asserting right to the land, she must have been guilty of some positive fraud, alleged and proven.   Johnson v. Bryan, 62 Texas, 623; Stone v. Sledge, 24 S. W. Rep., 697; Blagge v. Moore, 23 S. W. Rep., 466; Ford v. Ballard, 21 S. W. Rep., 147.

*J. B. Dibrell,* for appellee.—Appellee, the stepfather of appellants, and owning a community interest in the land in controversy, having advanced to appellants a sum of money greater than their interest, which was accepted by them, and which they do not propose to refund by any pleading of tender, or by any act of tender, and they having accepted the money in lieu of their interest, no deed of conveyance was necessary, and they are estopped from asserting any claim to the land.

NEILL, ASSOCIATE JUSTICE.—The appellee, Henry Weidner, Jr., who was plaintiff below, instituted this suit against appellants Hannah Munk and Minna Ochse, with whom were joined their husbands as defendants, to remove cloud from title and quiet his possession to a certain tract of land described in his petition.   He alleged that his father, Henry Weidner, Sr., in 1857 married Frederica Frehde, who was at that time a widow and mother of three children by a former marriage, two of whom are the appellants Hannah and Minna. The name of the other was Louisa, who died in 1889, never having been married, leaving neither father, mother, nor children surviving her, and that appellants are her only heirs.   That the issue of the marriage between Henry and Frederica were four children, of whom appellee is one; that Frederica died on the 20th of October, 1867, leaving her husband and the children (seven) by both marriages surviving as her heirs and entitled to her estate; that at the time of her death Henry Weidner held the land in controversy, as well as two other tracts.   The appellee alleged, in an uncertain way, that the land in controversy was the separate property of his father.   But in his brief, it is admitted that it was the community property of Henry and his wife Frederica.   It is alleged that, whatever interest Frederica Weidner had in the property, Louisa, Minna, and Hannah were entitled to three-fourths of it, and then in 1873, Hannah Munk (joined by her husband), Minna Ochse, then Frehde, and Louisa Frehde, filed their petition for a partition of their interest of the estate of Frederica, in which they alleged that the land in controversy was the community property of their mother and Henry Weidner, Sr.; that after the in-

stitution of the suit a compromise was effected, or that Henry Weidner, Sr., paid them $500 in full settlement of their entire interest in the estate of their deceased mother, and took from them the following instrument, to wit:

"SEGUIN, TEXAS, September 6, 1893.

"Received of Henry Weidner, Sr., the sum of five hundred dollars in gold coin, in full payment and satisfaction of the amount due us from our mother's estate—the late Frederica Weidner.

[Signed]     "LOUISA FREHDE, MINNA FREHDE,
             "JOHANNA MUNK, CH. MUNK.

Witness:   "C. L. ARBUCKLE, JR.
           "ERNEST SCHRAMM."

That on the 16th day of February, 1891, he purchased for a valuable consideration the tract of land in controversy from his father and his children by Frederica, and received from them a valid deed to the premises, and is the legal and equitable owner of the same.

That defendants have taken forcible possession of the land under a fictitious and fraudulent claim, to his damage, etc.

The defendants answered by general and special exceptions, general denial, plea of not guilty, and by special plea denying under oath the execution of the receipt set out in plaintiff's petition. The exceptions were overruled, and upon the trial the jury were peremptorily instructed by the court to find a verdict for the plaintiff. A verdict was returned in obedience to the charge upon which the judgment was rendered, from which this appeal is prosecuted.

*Opinion.*—It appears from the allegations of plaintiff's petition, that the defendants and their deceased sister, upon their mother's death, inherited title to three-fourteenths of the property in controversy. The claim of plaintiff to the interest so inherited rests upon the sufficiency of the alleged receipt and the circumstances accompanying its execution. In view of the statute of frauds, which provides that no action shall be brought in any of the courts upon any contract for the sale of real estate unless the promise or agreement upon such action shall be brought, or some memorandum thereof shall be in writing and signed by the party charged therewith, or by some person by him thereunto lawfully authorized (Revised Statutes, article 2464), we do not think that a cause of action is shown against any of the defendants. The memorandum required must contain all the essential terms of the agreement, so that parol evidence shall not be required to supply any substantive feature which has been omitted. It must embrace the substance of the contract, though it need not describe its terms in a complete and detailed manner. If what the parties have really assented to can be gathered from the writing, and is not left to the recollection of witnesses, it is sufficient. Pom. on Spec. Perf., sec. 85; Watson v. Baker, 71 Texas, 739; Johnson v. Grange, 51 Texas, 42; Peters v. Phillips, 19

Texas, 74; Browne on Stat. of Frauds, sec. 371; Reed on Stat. of Frauds, sec. 392; Parkhurst v. Von Courtland, 1 Johns. Ch., 274; Williams v. Morris, 95 U. S., 450; Pipkin v. James, 1 Humph., 327; 34 Am. Dec., 654; Atwood v. Cobb, 26 Am. Dec., 658; Joseph v. Holt, 37 Cal., 250; Ham v. Johnson, 56 N. W. Rep., 584; Clipson v. Villars, 151 Ill., 165; 37 N. E. Rep., 695.

No contract, agreement, or promise to sell land or anything else appears from the instrument. If any was made between the parties, it rests entirely upon parol, for no evidence of it is found in the receipt. The memorandum being in itself insufficient to support an action, the next question presented is, are the allegations in the petition sufficient to show a verbal contract of sale, and such performance of it on the part of Henry Weidner, Sr., as will take it out of the statute of frauds? It is not directly and specifically averred that Henry paid appellants for their interest in their mother's estate. After alleging that a compromise was effected, the averment of payment is made in the alternative—"a compromise was effected, or rather a payment was made"—but it does not clearly appear which. If it should be conceded that the petition unequivocally and specifically states that Henry Weidner paid them $500 in full settlement of their entire interest in the estate of their deceased mother, this would not be enough to relieve the transaction from the operation of the statute. For it is well settled, that payment of the purchase money does not constitute such part performance of a parol purchase of land as will take the contract out of the statute of frauds. Garner v. Stubblefield, 5 Texas, 552; Dugan v. Colville, 8 Texas, 126; Neatherley v. Ripley, 21 Texas, 436; Lodge v. Leverton, 42 Texas, 18; Jones v. Carver, 59 Texas, 294; Ward v. Stuart, 62 Texas, 335.

Some other equitable matter must be alleged and shown to entitle a party to the specific performance of a contract. It is not averred that the appellants, in pursuance of contract of sale, delivered possession of the premises to their supposed vendee, nor that, after possession was acquired under the contract, he, upon the faith of it, made improvements thereon. In this State, whenever specific performance of a verbal contract for the sale of land has been enforced, such delivery of possession and improvements made on the land have been shown. But in Neatherly v. Ripley, supra, it was said by Chief Justice Hemphill, that "delivery of possession has uniformly been recognized as such part performance of a parol agreement as will, independent of the statute, entitle the parties to specific execution;" and, by the present Chief Justice, in Morris v. Graves, 82 Texas, 258, that "it was held at a very early day in the English courts, that delivery of the possession by the vendor was sufficient part performance on his part to enable him to recover the purchase money, and that this rule seems to have been very generally recognized since that time." Continuing, he says: "The doctrine is well established, that where either party, in reliance upon the verbal promise of the other, has been in-

duced to do or forbear to do an act, and thereby his position has been so changed for the worse that he would be defrauded by a failure to carry out the contract, equity will enforce a performance." But in Bradley v. Owsley, 74 Texas, 71, which is a case where the purchase money was paid, the court said, that the rule in this State is well established that verbal contracts for the sale of land will not be enforced without proof of possession and valuable improvements permanent in character, or other facts making the transaction a fraud on the purchaser if not enforced.

In this case the appellee's vendor, Henry Weidner, Sr., was tenant in common with appellants and their sister. Where a plaintiff claims as purchaser of land, to the possession of which he and others are entitled as tenants in common, no mere possession by him can avail as part performance; for no possession can suffice which does not show his individual right to the exclusion of the other cotenants. This rule results from the nature of such co-ownership. Each tenant being entitled to the possession of the common estate, the possession of one is the possession of the other. An entry and possession of a plaintiff claiming to be the vendee would not, therefore, tend to show a contract of sale from the others; or any interest in him to the exclusion of others. For such possession to operate as a part performance, there must have been some prior act of open disseizin, or some joint act of partition among all the co-owners. Pom. Spec. Perf., sec. 121.

In cases in which the specific performance of agreements to convey land is asked, whether the contract be written or unwritten, it is essential that the terms of the agreement be so sufficiently clear as to evidence with reasonable certainty the intention of the contracting parties in relation to that which is done or to be done by both parties in consummation of the agreement, and that the terms be stated in the pleadings with the same degree of certainty and clearness. Ward v. Stuart, 62 Texas, 335. Whether appellee's petition be taken as a declaration on an oral or written contract, or as founded partly on both, it does not conform to this rule, and the exceptions to it should have been sustained.

Besides, if all the essential terms of an agreement, either written or verbal, to convey land had been averred, the facts that one of the parties against whom it is sought to be enforced was, at the time it is alleged to have been made, an infant, and another a married woman, would, it seems, present insuperable obstacles to its enforcement. It order to enforce specific performance of such an agreement, there must be such mutuality in the equitable remedy at the time the agreement is concluded between the parties as will enable both to avail themselves of the remedy, which can not exist when one of the parties, on account of coverture or infancy, is incapable of contracting, or can only contract in the form and manner provided by statute. Pom. Spec. Perf., secs. 163–165. It would be a novel doctrine which, in the absence of positive fraud, would authorize a court to enforce

specific performance of an oral agreement, or a written one not privily acknowledged, of a married woman to· convey her separate property in lands which she could herself only convey in a manner and form provided by statute; or such an agreement of an infant, whose contract is voidable, and can only be enforced when ratified after her disabilities are removed.

There is, as we have seen, nothing in the contention of appellee's counsel, that after receipt of the money by appellants it was a fraud for them to refuse to complete the contract. It did not change the situation of Henry Weidner, Sr., so as to render a legal remedy either inapplicable or inadequate. He could have recovered back the amount by an action at law, and have thus been restored to his original position. Pom. Spec. Perf., sec. 113. To estop a married woman from asserting her right to land, she must have been guilty of some positive fraud or act of concealment. Johnson v. Bryan, 62 Texas, 623; Banking Co. v. Hutchins, 53 Texas, 61. Infants are not estopped in pais unless their conduct has been intentional and fraudulent. Wright v. Doherty, 50 Texas, 41; Steed v. Petty, 65 Texas, 490; Bell v. Schwarz, 56 Texas, 357.

As the petition did not allege a cause of action, it was error in the court's overruling appellants' general exception to it.

The objections to the depositions of Henry Weidner were properly overruled. Depositions of a witness may be taken in a civil suit, whether the witness resides in the county where the suit is brought, or out of it. Sayles' Rev. Stats., art. 2218a. Article 2230, Revised Statutes, does not require the officer taking depositions to have an interpreter to take the testimony of ·a witness who does not understand the English language. It simply gives him authority, when he deems it expedient, to summon and swear an interpreter to facilitate the taking of depositions. If he understands the language of the witness and can·correctly translate it into English, it is unnecessary for him to use an interpreter in the performance of his official duty in taking the depositions. State v. Cardinas, 47 Texas, 291.

Had the pleadings of appellants disclosed a cause of action, we think the signatures of the appellants, if shown to be genuine, to the entry of dismissal made on the clerk's file docket would have been admissible, in connection with. the attending facts, as a circumstance to show the nature and character of the transaction between Henry Weidner, Sr., and the parties, and also as evidence corroborative of the testimony of appellee's witnesses, that the parties were present at the time and place it is claimed they received the money from Henry. The receipt set out in plaintiff's petition would also have been properly admitted for the same purpose if a cause of action had been alleged. But as the testimony as to whether it was signed by appellants was conflicting, the question as to its execution should have been left to the jury.

On account of the errors indicated, the judgment of the District Court is reversed, and the cause remanded.

*Reversed and remanded.*

Delivered January 23, 1895.