JESSE WRIGHT v. EUGENE BEARROW ET AL.

No. 1041.

1. **Statute of Frauds—Parol Sale of Land—Trust—Payment—Specific Performance.**

A parol sale of land by the owner and holder of the legal title, with payment to him of the purchase money, and a verbal agreement by him to hold the title in trust for the purchaser, is obnoxious to the statute of frauds, does not create an equitable title which the courts will enforce by decree for specific performance, and is not within the exception recognized where the legal title is originally obtained and taken under an agreement to hold in trust.

2. **Same—Parol Exchange of Lands—Remedies of Vendor.**

Where plaintiff, upon a parol agreement to exchange lands, executed a deed to defendant, and thereafter defendant, being in possession of both tracts, refused to make a deed to plaintiff, the remedy of plaintiff was not by suit for the recovery of the land, which should have been conveyed to him, but he had his election either to rescind the contract and recover the tract that he had conveyed, or to sue for its value and have the same enforced as a lien thereon.

APPEAL from Dallas.     Tried below before Hon. EDWARD GRAY.

*B. J. Misenheimer, G. J. Gooch* and *Geo. A. Titterington,* for appellant.—Trust cannot be engrafted on real estate which is held in fee simple by any act or agreement of owner made subsequent to the acquisition of fee simple title by the owner, unless there be some written memorandum thereto signed by the said owner—if same is in parol, then the remedy would be the recovery of consideration paid and delivered, not to enforce the trust on real estate.   2 Wash. Real Prop., 437, 442, 444, 447, 451; 2 Pom. Eq. Jur., 548, 547; Angier v. Coward, 79 Texas, 555; Association v. Brewster, 51 Texas, 263; Bradley v. Love, 60 Texas, 473; Berry v. Donley, 26 Texas, 747; Bradley v. Owsley, 74 Texas, 70; Baker v. DeFreese, 2 Texas Civ. App., 525; Boon v. Chamberlain, 82 Texas, 481; Brown on Stat. Frauds, secs. 467, 491a; Bigham v. Bigham, 57 Texas, 242; Bruner Bros. v. Strong, 61 Texas, 557; Byars v. Byars, 32 S. W. Rep., 926; Railway v. Titterington, 84 Texas, 223; Cleveland v. Cole, 65 Texas, 405; Clapp v. Engledow, 82 Texas, 293; Cook v. Cook, 19 Texas, 436; Dugan v. Coleville, 8 Texas, 127; Elliott v. Blanc, 54 Texas, 217; Fievel v. Zuber, 67 Texas, 279; Hale v. Baker, 60 Texas, 219; Henry v. Roe, 83 Texas, 449; Jones v. Goff, 63 Texas, 254; Johnson v. Bryan, 62 Texas, 625; Jones v. Carver, 59 Texas, 296; Johnson v. Granger, 51 Texas, 42; Lodge v. Leverton, 42 Texas, 24; Montgomery v. Noyes, 73 Texas, 208; Murphy v. Stell, 42 Texas, 135; Neatherly v. Ripley, 21 Texas, 437; Nass v. Chadwick, 70 Texas, 158; Owen v. Land Co., 32 S. W. Rep., 190; Parker v. Coop, 60 Texas, 118; Perry on Trusts, sec. 133; Pas. Digest, art. 3426; Pitschki v. Anderson, 49 Texas, 1; Rev. Stats., arts. 559-560, 1651, 4310, 3209, 3222; Ruff v. Lind, 75 Texas, 701; Roeder v. Robson, 20 Texas, 765; Roberts v. Lovejoy, 60 Texas, 255; Ransom v. Brown, 63 Texas, 188; Rhine v. Hodge, 1 Texas Civ. App., 371; Sul-

livan v. O'Neal, 66 Texas, 435; Stephens v. Lee, 70 Texas, 280; Stephens v. Shaw, 68 Texas, 264; Smith v. Powell, 5 Texas Civ. App., 382; Williams v. Ellingsworth, 75 Texas, 483; Williams v. San Saba, 59 Texas, 445; Williams v. Davis, 77 Texas, 639; Williams v. Chandler, 25 Texas, 11; Willis v. Matthews, 46 Texas, 482; Ward v. Stewart, 62 Texas, 335; White v. Street, 67 Texas, 179; Wallet v. Haskins, 68 Texas, 422.

*Kearby & Muse,* for appellees.—The statute of frauds cannot be urged as an exception to a petition by general demurrer; if so, plaintiff's petition was not subject thereto, for that, it was not necessary to allege that the agreement and trust was in writing; it was sufficient to allege, as was done, the existence of the trust, and the agreement and consideration upon which the same was founded. The suit was to enforce a trust and not within the statute of frauds. Sayles' Civil Statutes, art. 3220; Sayles' Texas Pleading, secs. 457, 543; Holland v. Farthing, 21 S. W. Rep., 67–68; Brotherton v. Weathersby, 73 Texas, 472.

FINLEY, ASSOCIATE JUSTICE.—August 3, 1893, Eugene Bearrow and Gussie Bearrow, joined by her husband, Eugene Bearrow, and N. E. Horton, filed their original petition against Jesse Wright. October 24, 1893, plaintiffs filed their first amended original petition. Plaintiffs alleged that one S. T. Wright is the father of Gussie Bearrow and of James Wright, who conveyed his interest to Eugene Bearrow, and of J. L. Wright, who conveyed his interest to N. E. Horton. That S. T. Wright owned the east half of 320 acres of land, and Jesse Wright and wife the west half of said 320 acres. That on September 16, 1865, they exchanged land with each other. That S. T. Wright executed a deed for the east half to Jesse Wright, reciting consideration of $640 cash paid. That Jesse Wright did not execute a deed to the west half, but held in trust and now refuses to make deed.

Plaintiffs sued, either for trust to be imposed and enforced on west half, or rescission and cancellation of the trade and deed of east half.

Plaintiffs set up in their petition:—That December 27, 1858, Thomas Wright conveyed in consideration of love and affection to Martha Ann Wright and her husband Jesse Wright, and S. T. Wright, 320 acres of land in Dallas County, Texas, allotting to Martha Ann Wright and her husband Jesse Wright, the east half thereof. The concluding part of the deed is as follows: "That the said parties, Martha Ann Wright and her husband Jesse Wright, and S. T. Wright shall hold said land at the valuation of four dollars per acre without accounting to my estate for interest, which said sum, that is to say, the total amount of said lands at the above valuation, less the interest, shall be deducted from their pro rata of inheritable property according to them at my death as heirs of my estate." Said deed was made a part of the petition. That September 18, 1865, S. T. Wright, joined by his wife, by deed conveyed to the defend-

ant the said east half of 320 acres for the recited consideration of $640·
cash paid.

That in fact no cash was paid or received for said conveyance; the
true consideration was the delivery to S. T. Wright of certain personal
property not exceeding $100 in value, and the undertaking and agree-
ment by said Jesse Wright and his wife Martha Ann Wright, to convey
to said S. T. Wright the said west half of 320 acres, and the agreement
upon the part of said Jesse Wright and Martha Ann Wright to execute
a conveyance upon demand, and to hold said land and the title thereto
in trust for said S. T. Wright and his children.    That defendant is in
possession, and holds rents and revenues for benefit of said S. T. Wright
and his children.

That said S. T. Wright died October 23, 1873, and his wife Novem-
ber 13, 1877; and left surviving them, James Wright, J. L. Wright
and Gussie Wright.    J. L. Wright became of age March 18, 1870.    On
March 18, 1893, he conveyed his interest herein to N. E. Horton.
James Wright became of age April 11, 1892, and on March 11, 1893,
conveyed his interest to Eugene Bearrow.    Gussie Wright married Eu-
gene Bearrow June 29, 1892, being then a minor.

That defendant had continuously held said west half of the 320 acres
in trust, and never repudiated the same, continuously recognized the
title of said children until the death of their mother in 1877; still
never repudiated the title in the children or his holding in trust
until ........, 1892; during all this time refused to account for rent
and revenues to said S. T. Wright or his children.    That Martha Ann
Wright, wife of defendant, died in 1886, and defendant was her sole
heir; and prayed for judgment establishing the trust in said west half
of 320 acres, and that title be divested out of defendant and vested in
plaintiffs.

And further, plaintiffs say that if they be denied the execution of the
trust as above, they say, in the alternative, that the conveyance afore-
said from S. T. Wright and wife to defendant was in pursuance of an
agreement between them and defendant and his wife, Martha Ann
Wright; that S. T. Wright and his wife undertook to convey the east
half of the 320 acres to the defendant, and defendant and Martha Ann
Wright undertook to convey the west half of 320 acres to S. T. Wright,
and as the east half was more valuable than the west half, defendant
was to pay about $100 in personal property to S. T. Wright.    That S.
T. Wright and wife executed to defendant the deed to the east half upon
the faith of the agreement and promises of said defendant and his wife.
That by reason of the premises, the consideration of the said convey-
ance never having been paid, which was the conveyance of west half of
the 320 acres of land, which is valued at $3200, which now constitutes
a lien upon said east half, and superior title thereto is in plaintiffs, and
plaintiffs are entitled to the rescinding of said contract; prayer for re-
cission of said conveyance and cancellation of deed of S. T. Wright
and wife to defendant.

Defendant answered by general and special exceptions, statute of limitations of three, five and ten years, and stale demand, and plea of purchase and payment in full of said land, and asked quieting of title and general denial.

On the trial, plaintiffs proved the conveyances aforesaid, death and heirship as alleged. By two witnesses, that from 1871 to 1880, defendant admitted to each of them that S. T. Wright and defendant swapped the land as alleged; that S. T. Wright had executed his deed to east half; defendant had not made deed to west half. That defendant said to each of them that the west half belonged to S. T. Wright. By one witness, that Martha Ann Wright admitted the land belonged to S. T. Wright—all over objection of defendant. By two witnesses, that defendant admitted to them that exchange had been made, but did not say whose land it was; and one of them said that defendant said he did not know he would ever make deed to west half to S. T. Wright's children. It was in proof that S. T. Wright and Martha Ann Wright, besides others, were children of Thomas Wright, and that he gave each of his children about 150 acres of land, that the above 320 acres was the inheritable portion of Martha Ann and S. T. Wright; that S. T. Wright or his children were never in possession of the land. There was no memorandum in writing signed by defendant or his wife, Martha Ann, introduced or offered in evidence. Judgment for plaintiffs for west half of the land and for $150 rents, from which this appeal is taken.

*Opinion.*—The court submitted to the jury only that phase of the case presented by the pleadings involving plaintiffs' right to recover the west half of the 320 acres tract. The charge given upon that issue is as follows: "The undisputed evidence shows that plaintiffs are entitled to recover the interest, if any, which S. T. Wright during his lifetime had in and to the lands in controversy in this case, unless barred by limitation; and it is also undisputed that on the 18th day of September, 1865, S. T. Wright was the owner of the east half of said lands, and Jesse and Martha Ann Wright together the west half thereof.

"Now, if you find and believe from the evidence that on said 18th day of September, 1865, the above named parties agreed to exchange said lands one for the other, and that in pursuance of such agreement the said S. T. Wright and wife made the deed of that date to Jesse Wright and wife, and that Jesse Wright paid to said S. T. Wright the difference in value of said lands, and that the said Jesse Wright, then and in pursuance of such agreement, went into the possession of the east half for himself, and took and held charge and possession of the west half of said land as the property of S. T. Wright, and held and occupied the same for and on behalf of said S. T. Wright, setting up in himself no title nor claim therein, but recognizing and treating the same as the property of said S. T. Wright, then and in such event, you will find for the plaintiffs for the west one-half of said lands, unless their claim there-

to is barred by the statute of limitations of ten years as hereinafter charged.

"If you find and believe from the evidence that the consideration for the deed made by S. T. Wright and wife on the 18th day of September, 1865, to Jesse Wright, was other than the west half of said land, claimed by plaintiffs, then and in such event, you will find for defendant. If you find and believe from the evidence that said exchange of land was made as above set out in the first paragraph of this charge, and that the defendant held charge of said west half of said land for S. T. Wright, and you further find that the defendant ever in the lifetime of S. T. Wright repudiated such holding for said S. T. Wright, and that the said S. T. Wright had notice of such repudiation of such holding for him by said defendant, or by the exercise of proper and ordinary diligence could have had such notice; and you further find that for ten years after such repudiation and notice the defendant has remained in the actual possession of said west half of said land, using, cultivating and enjoying the same to the exclusion of all others for the full period of ten years consecutively, then and in that event defendant's title thereto would be good by the ten years' statute of limitation, and you will find for defendant.

"If you find for the plaintiffs under the above charge for the west half of said land, then you will also find for them the reasonable rental value of the use of said land since this suit was brought."

The plaintiffs were not entitled to the recovery of the west half of the 320 acres, for the reason that they failed to show either a legal or equitable title to such tract. The legal title to the west half was vested in Jesse Wright and his wife, Martha Ann, by the deed of conveyance executed by Thomas Wright in December, 1858. This legal title is not shown to have passed out of them to plaintiffs; on the contrary, it is affirmatively shown that they never transferred such title to any one. At the death of Martha Ann, her interest passed by will to her husband, Jesse Wright, and he has never made a legal conveyance of the land.

Have plaintiffs such an equitable interest in the said west half of the land as would justify a recovery? The legal title can not be divested by a parol agreement made by the holder of such legal title that he will hold it for the benefit of another. This would be in contravention of the statute of frauds prohibiting the conveyance of land except through means of a written memorandum thereof, signed by the party to be charged. The mere payment of purchase money to the holder of the legal title, upon the agreement that the title is thereafter to be held for the benefit of the person paying the money, does not create an equitable title in the land capable of enforcement.

It is entirely different from a case where the legal title is obtained by a party under an express or implied agreement that it shall be held for the benefit of another. In the latter case, the trust can be enforced, and does not come within the statute of frauds. 2 Wash. on Real Prop., 437–451; 2 Pom. Eq. Jur., sec. 1031.

Parol sales of land, where the purchaser has paid the purchase money, gone into possession and made permanent and valuable improvements upon the land, have been enforced by the courts, upon the idea that the contract had been so far executed as to make it inequitable and a fraud not to enforce it, and therefore, they have treated such contracts as not being within the statute of frauds. Neatherly v. Ripley, 21 Texas, 437. But equity will not enforce such contract when there has been mere payment of the consideration for the conveyance of the land; there must be some other equitable ground for specific performance. Dugan v. Coleville, 8 Texas, 127; Jones v. Carver, 59 Texas, 296; Sullivan v. O'Neal, 66 Texas, 435. It does not appear that a specific performance of the contract to exchange lands was necessary in order to prevent a fraud and to save S. T. Wright from losing the value of his tract of land which he conveyed to Jesse Wright, upon the consideration that Jesse Wright should convey him the west half owned by said Jesse Wright. When Jesse Wright failed or refused to carry out the contract of exchange, his vendor could elect to rescind the contract and recover back the east half conveyed by him, or sue for the value of said east half and have the same enforced as a lien against the land. As this phase of the case was not tried in the court below, the case having passed off entirely upon the question of plaintiffs' right to recover the west half of the land, we do not feel called upon to discuss the questions relating to this issue.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 21, 1896.