**SMITH et al. v. WOMACK et al.**    (No. 6264.)

(Court of Civil Appeals of Texas. Austin. April 6, 1921. Rehearing Denied June 8, 1921.)

**1. Mines and minerals ☞73—Oil and gas lease conveys interest in the land.**

An oil and gas lease giving the lessee power to take and remove oil and like minerals conveys an interest in the land.

**2. Executors and administrators ☞150—Executors not authorized to grant oil and gas lease.**

Where a will gave power to executors and executrixes to do and perform anything in and about the management and control and disposition of the estate, and to carry the provisions of the will into execution, but there were no express terms authorizing sale of mineral rights, the executors, etc., have no authority to grant an oil and gas lease.

**3. Mines and minerals ☞74—Where title to be conveyed would be doubtful, specific performance of contract to purchase oil and gas lease will not be granted.**

Where the title tendered by executors contracting to grant an oil and gas lease on the lands of the testatrix was at best so doubtful that it was not a merchantable title, the purchaser is entitled to refuse and performance will not be enforced.

Appeal from District Court, Williamson County; Ireland Graves, Judge.

Action by George W. Smith and others against Frank R. Womack and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

W. H. Nunn and F. D. Love, both of Georgetown, for appellants.

Critz, Lawhon & McNair, of Taylor, for appellees.

KEY, C. J. The following statement is copied from the brief of appellants:

"The appellants, all of the devisees under the will, Mary Shelby Smith, deceased, sued the appellees, Frank R. Womack, and the First National Bank of Taylor, Tex., in the district court of Williamson county, Tex., for the sum of $1,500, and for cause of action allege: That George W. Smith, acting for himself and the other plaintiffs, and the defendant Frank R. Womack, entered into a certain contract in writing, under the terms of which Frank R. Womack deposited in the said First National Bank of Taylor, Tex., the sum of $1,500, with instructions to the said bank that the said money should be turned over and delivered to the said George W. Smith in the event that the said George W. Smith procured to be acknowledged by himself, Fannie Smith, William Wayne Smith, Blanch Smith and Murry Smith, a certain oil lease, in the capacity shown by the said oil lease, and caused same to be delivered to the said Frank R. Womack within 10 days from said date. The said oil lease, having heretofore been prepared, the form, terms and conditions agreed upon.

"That the plaintiffs complied with all of the terms and conditions of the said contract, and caused the said oil lease to be duly acknowledged and delivered within said ten days; but that the defendants then and there refused to turn over and deliver the said $1,500 to the plaintiffs.

"The defendant bank answered, alleging that it held the $1,500 in escrow, and that it stood ready and willing to pay the same to the party entitled thereto, and prayed for judgment of the court directing to whom it should pay same.

"The defendant Frank R. Womack answered that at the time the making of the said contract the plaintiff George W. Smith represented that he, together with the other proposed makers of the lease contract, as the executors of the will of Mary Shelby Smith, deceased, had the power to make the said lease contract; and that the defendant Womack relied upon the said representations so made; that the said George W. Smith and the other executors of the said will did not in fact have the power to make the said oil lease contract under the terms of the said will; and that the said defendant did not learn of the said want of power till after the making of the first named contract; that a copy of the said will is attached to the said answer.

"The following agreement was made in open court, on the trial of the said cause, to wit: 'It is agreed by both parties that the contracts were in fact drawn as alleged, and that copies of them were left in the possession of the law firm of Critz, Lawhon & McNair; that within 10 days from the execution of the mutual contract, the plaintiff George W. Smith turned over to the said law firm of Critz, Lawhon & McNair, which was acting for the defendant Frank R. Womack, a certified copy of the will and of the probate of the will of his deceased wife; that within 10 days of the execution of the mutual contract the plaintiff George W. Smith tendered to the defendant Frank R. Womack the oil lease contract, and that it was executed in the manner required by both the mutual contract and the oil lease contract. It is further agreed by the parties that no objection at this time, or any other time, was urged to the title of the plaintiffs in the property, except the objection of the want of power or authority in the plaintiffs to make the lease contract.' It appeared from the proof that the property covered by the oil lease was the separate property of Mary Shelby Smith, deceased, and is covered by her will.

"The case was tried before the court without a jury, and judgment was rendered for the defendants, from which the plaintiff in due time appealed to this court.

"The only issue made upon the trial of the case was whether the executors under the will of Mary Shelby Smith, deceased, had the power to make the oil lease; it being contended by appellees that the will itself denied such power."

Appellees concede the correctness of that statement, with the following additions thereto; Appellee Frank R. Womack denied that the will of Mary Shelby Smith, through which the plaintiffs derived title, conferred upon the executors or trustees the power to sell the land, or execute the contract referred to in the plaintiffs' petition. That defendant also averred in his answer that he was induced to enter into the contract referred to by the representations of the plaintiff George W. Smith that he and the other parties plaintiff had the power and authority to grant, convey, and deliver to said defendant the contract in question, and to convey the mineral, oil, and gas rights in and under the land described in said lease contract, and that such power and authority was derived from and given by the will of Mary Shelby Smith; which representation defendant Womack alleged was not true but, on the contrary, the will denied to the plaintiffs any such power to convey. Womack also pleaded, in substance, that it was the duty of the plaintiffs to furnish a good marketable title, and that the title furnished was defective, doubtful, and hazardous, and therefore the court was justified in not rendering judgment for the plaintiffs.

There was a nonjury trial, which resulted in a verdict and judgment for the defendants; and the plaintiffs have appealed.

In the court below and in this court, the defendant bank was and is in the attitude of a stakeholder, and is willing to abide the judgment of the court, and pay the money to

whichever party it may be adjudged to belong, but asks that it be relieved of all costs.

The trial court filed the following findings of fact, which are conceded to be correct:

"(1) I find that on June 19, 1919, the plaintiff Geo. W. Smith, as first party, and defendant Frank R. Womack, as second party, executed the instrument referred to in the pleadings as the mutual contract, a copy of which is attached to the plaintiffs' first amended original petition and marked 'Exhibit B.'

"(2) I find that on the same date, namely, June 19, 1919, Geo. W. Smith and Frank R. Womack signed the oil lease contract, a copy of which is attached to said amended petition, marked 'Exhibit A.' That at the same time as stated in the so-called 'mutual contract,' defendant Womack deposited with defendant bank the sum of $1,500, to be held by the bank in accordance with the terms of said 'mutual contract.'

"That the oil lease contract (Exhibit A), bearing Womack's signature, was retained by Messrs. Critz, Lawhon & McNair, defendant Womack's attorneys, with the understanding that Geo. W. Smith was to procure the signatures thereto of the plaintiffs, Murry Smith, William Wayne Smith, Blanch Smith, and Fannie Smith, which was afterwards done.

"(3) It was also understood and agreed by Geo. W. Smith and Womack, at the time Womack signed said instruments, that Geo. W. Smith was to furnish to Womack's attorneys, within the 10 days' period referred to in the mutual contract, certified copies of the probate proceedings, showing the probate of the last will of Mary Shelby Smith, the deceased wife of Geo. W. Smith, who was the owner, in her separate right, of the property referred to in the oil lease contract.

"(4) At the time of the execution of the 'mutual contract,' Geo. W. Smith represented to Womack that under the terms of his wife's will, he and the others who subsequently signed the oil lease contract had authority to execute the same; and it was understood at that time that unless thereby Womack could acquire valid title to that which the oil lease contract purported to convey, Womack was not to be required to go forward with the contract.

"(5) Within the 10 days referred to, Smith furnished certified copy of the probate proceedings and Womack's attorneys (also within said period), after examining said papers, informed Geo. W. Smith that in their opinion those who were signatories to the oil lease contract as grantors had no authority under the will to execute such instrument, and that Womack would therefore refuse to go forward with the contract.

"(6) Item third of Mary Shelby Smith's will reads as follows: 'I hereby nominate, constitute and appoint my husband, George W. Smith, and my sister-in-law, Fannie Smith, my sons, William Wayne Smith, Murry Smith, and George Earl Smith, and my daughters, Blanch Smith and May Dee Smith, the independent executors and executrices and trustees to carry out this my will, and no bond or other security is-to be required of them or either of them, and I hereby confer upon them full power and authority to carry into execution all the terms, conditions and provisions in this will contained.'

"(7) Item eleventh reads in part as follows: 'It is my will that the executors, executrices and trustees heretofore named who have arrived at the age of twenty-one years at my death may qualify as such by taking and subscribing the oath required by law of executors; and each of my children under the age of twenty-one years at my death may upon arriving at that age likewise qualify by taking such oath.'

"(8) Item twelfth provides, substantially in the language of the statute authorizing the administration of an estate by an independent executor, that the courts shall have no jurisdiction other than to admit the will to probate and permit the returning of an inventory, etc.; and said item reads further as follows: 'And I hereby confer full and ample authority and power upon such of my executors and executrices as may qualify to do and perform any and everything in and about the management, control and disposition of my estate and to carry the provisions of this will into execution.'

"(9) Item fourth is as follows: 'I hereby will, bequeath and devise to my said executors and executrices and trustees all my property and estate, real, personal and mixed, of which I may die seized and possessed, or to which I may be entitled by inheritance, bequest and devise, or otherwise, to hold, manage, and control the same as hereinafter provided.'

"(10) Item fifth reads in part as follows: 'It is my will and I so direct that my said executors and executrices and trustees shall keep, hold and control the corpus of my estate, to lease and rent the same in the best possible manner to secure the largest income or revenue compatible to the interest of my estate, and the income or earning of my estate, including any life insurance of which I am the beneficiary, shall be divided into eight equal parts.' The will further provides that two of the eight shares of the annual income shall be paid over to Geo. W. Smith, and one share to each of the other persons named as executors, executrices and trustees. It further provides that upon each child's reaching the age of 30 years one-eighth of the corpus of the estate shall be delivered to such child, subject, however, to an attempted restraint upon alienation until such beneficiary shall have reached the age of 40 years. Other provisions of item fifth direct more specifically the manner in which the shares of the revenues given to the children shall be applied and handled during their minority, etc.

"(11) Item seventh provides that the one-eighth of the corpus of the estate bequeathed to Fannie Smith (sister-in-law to testatrix) may, at her option, be set apart to her at any time after the death of testatrix, to be used and held by her for her life with full power to sell and convey the same or any part thereof, and at her death any undisposed part thereof to revert to the estate and be divided equally among the children of testatrix or their descendants.

"(12) Substantially the same character of provision is contained in item eighth with respect to the two-eighths share of the corpus of the estate, the income from which is given to Geo. W. Smith for his life, except that he is not given power to dispose of the corpus of such two-eighths interest.

"(13) At the time of the execution of the oil lease contract, Geo. W. Smith, the father, Fannie Smith, the sister-in-law, and Murry Smith, William Wayne Smith and Blanch Smith, three of the children, had qualified as independent executors of the will, and each of them executed the contract in such capacity as well as individually. The other two children, George Earle Smith and May Dee Smith, being minors, had not qualified as executors, and did not join in the execution of the contract.

"(14) The testatrix, Mary Shelby Smith, died prior to January 14, 1918; and her will was filed for probate on that date.

"(15) It was not shown or contended that the oil lease contract was executed for the purpose of raising money to pay debts of the estate of Mary Shelby Smith."

The written instrument denominated a "lease contract," which was tendered by the plaintiffs as a compliance upon their part with the contract sued on among other things, contains the following provisions:

"Know all men by these presents: That we, George W. Smith, Fannie Smith, William Wayne Smith, Blanche Smith and Murrey E. Smith, for ourselves individually, and as independent executors of the estate of Mary Shelby Smith, deceased, late of Jefferson county, Texas, have and do hereby lease unto F. R. Womack, of the county of Williamson anu State of Texas, his heirs and assigns, the tract of land herein described for the purpose of exploiting the same for the extraction of minerals therefrom; and we do hereby also grant and convey unto the said F. R. Womack all of the oil, gas and other minerals in and under said land, as also the exclusive right of drilling and operating thereon for oil or gas, together with a right of way for and a right to lay pipe lines to convey water, steam, oil and gas, and a right to have and use sufficient water, oil and gas from the premises to drill and operate any wells that he may bore or drill thereon; and for such other privileges as are reasonably requisite for the conduct of said operations; and a right to remove at any time from said premises any and all property which may have been placed thereon by the said F. R. Womack, his heirs or assigns."

Mrs. Smith added a codicil to her will, which reads as follows:

"Whereas, I, Mary Shelby Smith, of the county of Jefferson and state of Texas, have heretofore made my last will and testament bearing date the 6th day of May, A. D. 1916: Now, I do by this instrument, which I hereby declare to be a codicil to my will, further direct my executors, executrices and trustees to exercise all efforts to pay such debts as my estate should owe at the time of my decease, out of the rents and revenues of my estate, so as to keep my estate, or as much as thereof is possible, intact for the trust estate heretofore created in the original will; and to that end my said executors, executrices and trustees shall use the gross income in the payment of said debts as well as in the payment of the taxes and other necessary expenses of the estate, including the premium on my insurance policy."

## Opinion.

As conclusions of law, the trial court held:

(1) That the instrument designated as the "oil lease contract," wherein the grantors purported to "grant and convey unto the said F. R. Womack all of the oil, gas, and other minerals in and under said land," was an attempted conveyance of a part of the land.

(2) That as it was not shown that any debts existed against the estate, it was not made to appear that the executors had power and authority to convey any part of the real estate.

(3) That even if the will could be construed as conferring such power to convey, yet such authority was of so doubtful a character that, in the absence of a prior judicial construction to that effect, the defendant was justified in rejecting the title on account of such uncertainty.

[1] The first conclusion of the trial court, to the effect that the instrument referred to purported to convey an interest in and part of the land itself, is now well settled in this state. See Texas Company v. Daugherty, 107 Tex. 226, 176 S. W. 717, L. R. A. 1917F, 989, decided by our Supreme Court, and other authorities referred to by Chief Justice Phillips in the able opinion prepared by him in that case.

[2, 3] It is quite clear that the will does not, in express terms, confer upon the executors the power to sell, unless it be that such power is conferred by that provision which reads:

"And I hereby confer full and ample authority and power upon such of my executors and executrices as may be qualified to do and perform any and everything in and about the management, control, and disposition of my estate, and to carry the provisions of this will into execution."

Of course, the words "management and control" cannot be construed as conferring power of sale, while in certain circumstances the word "disposition" may be given that meaning. However, when all the terms of the will are taken into consideration, and especially those which direct that the corpus of the estate shall be preserved intact, we do not believe the word "disposition" in this will was intended to confer the power of sale. But if mistaken in that respect, we agree with the trial judge in his last conclusion of law, to the effect that the construction of the will is so doubtful as that the title which was tendered by the plaintiffs was not a merchantable title, and for that reason the defendant had the right to refuse to accept it; and that the trial judge did not err in rendering judgment against the plaintiffs. Roos v. Thigpen, 140 S. W. 1180; Clegg v. Brannan, 190 S. W. 812.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.