SINGLETON CAMPBELL, ADM'R, v. S. B. TACKABERRY.

1. NO APPEAL FROM ACTION OF PROBATE COURT DISALLOWING CLAIM.—No appeal to the District Court lies from an order of the Probate Court rejecting a claim against an estate. The remedy is by suit to establish the claim in a court having jurisdiction.

2. NO APPEAL FROM IMMATERIAL ACTION OF DISTRICT COURT.—An administrator sought action by the Probate Court that it disapprove an account allowed by a former administrator. The Probate Court on such application made an order disapproving the account. From this order the holder of the claim appealed to the District Court. The District Court dismissed the appeal, at the cost of the administrator, for want of jurisdiction in the Probate Court: Held, That from such judgment no appeal lies to the Supreme Court.

3. QUERE.—Whether an approval by the Probate Court has any effect, or is necessary to give validity to claims allowed by an executor authorized by will to administer without control by courts of probate?

APPEAL from Polk. Tried below before the Hon. Henry C. Pedigo.

The opinion contains the facts.

*James E. Hill*, for appellant.

I. The District Court erred in not dismissing the appeal upon the ground that no appeal lies from the County Court to the District Court, upon the disapproval by the county judge of a claim allowed by an executor or administrator. (Probate Law of 1876, secs. 63, 71; Heffner v. Brander, 23 Tex., 631.)

II. When an issue is raised in the County Court between an administrator *de bonis non* and the holder of a claim against the estate he represents, allowed by the executor but not approved by the court, as to the powers of the executor by virtue of the will under which he acted to incumber the estate with a claim independent of any action of the county judge, the court has the power to construe the will and determine the issue presented. (Const., art. 5, sec. 16; Acts 15th Leg., sec. 3, p. 172; sec. 1, p. 17.)

III. A claim against a deceased person's estate is not a

*quasi*-judgment until both allowed and approved, unless it be established by suit; and until ripened into such judgment the administrator can invoke the County Court, or judge thereof, to disapprove the allowance of such claim for any ground which existed at the time the same was allowed. (Moore *v.* Hillebrant, 14 Tex., 315.)

IV. On motion made in the District Court to dismiss an appeal brought from the County Court in matters of probate, the District Court cannot, in trying the motion, determine the question of jurisdiction and power of the County Court to try the case, when that question is not raised in the motion.

The County Court of Polk county, September, 1877, in the succession of Samuel Bailey, deceased, made an order that the acceptance of appellee's claim against said estate, made by the executor, for $500, not before acted upon by the court, be disapproved; the claim was so indorsed by the county judge, and the administrator *de bonis non* ordered not to pay the same until established by suit. Claimant appealed to the District Court, where the administrator moved the court to dismiss the appeal, because (1) no appeal lies from the County Court to the District Court in matters of this kind; (2) want of appellate jurisdiction in the District Court to determine such appeal; (3) if the District Court has jurisdiction of the case, it is original; (4) if claimant has any right of action, it is by original suit in the County Court to establish his claim; (5) same as fourth ground. The District Court sustained the motion and dismissed the appeal, at cost of administrator, "because the District Court has no jurisdiction to try the same, it being an appeal from a judgment of the County Court, void for want of jurisdiction in that court." (Moore *v.* Hardison, 10 Tex., 474; Newson *v.* Chrisman, 9 Tex., 118; Menard *v.* Sydnor, 29 Tex., 257; Chapman *v.* Sneed, 17 Tex., 431; Pinchain *v.* Collard, 13 Tex., 335; Freem. on Judg., sec. 9.)

No briefs for appellee reached the reporters.

MOORE, CHIEF JUSTICE.—The appellant, Singleton Campbell, administrator *de bonis non* of the estate of Samuel Bailey, deceased, on the 29th of March, 1877, filed an application in the County Court of Polk county, where the estate of Bailey was being administered, to have said court disapprove the allowance of a claim of appellee for $500 against said estate, which had been, on the 24th of March, 1875, allowed by W. H. Shotwell, since deceased, then the executor of said estate, but not acted upon by the court; and if said claim was, in fact, an approved claim against said estate, it was alleged that it had been wrongfully and improperly approved, and it was in that event asked that said approval be set aside by the court.

The grounds of objection presented in the original and amended application to the claim are, in effect, first, that the claim in question when allowed was a stale demand, and barred by the statute of limitations, being more than thirty years past due when allowed; second, that it had been paid; third, that it was allowed through mistake; fourth, that it was fraudulently allowed; fifth, that Bailey's executor had no authority to allow it; sixth, that by the terms of Bailey's will all claims had to be allowed by his executor and approved by the Probate Court or judge thereof; and, seventh, that said estate had in fact been administered in the Probate Court, which had acted upon all claims against it as in ordinary administrations, except that of appellee, and it, though filed in said court, had not been acted upon.

Appellee answered, first, by plea in abatement for want of capacity in appellant to sue; second, to the jurisdiction of the court as to the subject-matter of the suit; third, general demurrer; fourth, general denial; fifth, that under the will of Bailey the executor having accepted the claim, which was sworn to, no approval by any court was necessary; sixth, that by the terms of Bailey's will the executor was authorized to pay all just and lawful claims against his estate, disregarding the statute of limitations as to the principal, but

not as to the interest of such indebtedness; seventh, that appellee's claim is just, &c.; and eighth, that said Bailey makes in his will a special devise, and creates therein a trust upon his property to pay his just and lawful debts, such as that of appellee.

The case coming on to be heard, the court sustained exceptions by appellant's and appellee's plea in abatement and to the jurisdiction; overruled his demurrer to appellant's application; overruled the plea of defendant to the jurisdiction, and his general and special demurrers; and, on the evidence adduced by the parties, disapproved the allowance of appellee's claim by the executor, and ordered that appellant should not pay it until established by suit.

From this judgment appellee appealed to the District Court, when appellant moved to dismiss the appeal on the following grounds, to wit: 1. No appeal lies from the County Court to the District Court in such matters. 2. The District Court has no appellate jurisdiction in the case. 3. If the District Court has jurisdiction of the question involved, it is original and not appellate jurisdiction. 4. Claimant's remedy, if any he has, is by an original suit in the County Court to establish his claim. Whereupon the court sustained the motion and dismissed the appeal, at the cost of appellant in this court, " because the [District] Court has no jurisdiction to try the same, it being an appeal from a judgment of the County Court, void for want of jurisdiction in that court." From this judgment the administrator prosecutes this appeal.

The facts upon which the case was decided in the County Court have not been brought to this court. We can, therefore, know no more of the case than can be learned from the pleadings, and hence the only question for our determination is, Does the record show that the court erred in dismissing the appeal, or will any injustice to appellant result therefrom? For if not, though there may have been error in the ruling of the court, appellant has no cause for complaint.

Certainly, if appellee's claim, after being allowed by the

executor of Bailey, deceased, did not require the approval of the court, its validity could not be impeached by the County Court. In such case it could only be attacked by a direct action in the District Court. (Heffner v. Brander, 23 Tex., 631; Eccles v. Daniels, 16 Tex., 136; Jones v. Underwood, 11 Tex., 116.)

If, on the other hand, its approval by the court was necessary to its validity, notwithstanding its allowance by the executor, the District Court erred in the opinion that the County Court had no jurisdiction. But then it did not err in its judgment dismissing appellee's appeal, for in that event the claimant should have brought an original action in the District Court to establish his claim. If we give effect to the reason given by the District Court for its judgment, instead of giving effect to the judgment, and hold that the judgment of the County Court is thereby set aside, it merely leaves the parties where they were before appellant filed his application to disallow appellee's claim. This could certainly work no great injury to him, as it was a work of supererogation on his part to become the actor in the matter if appellee's claim required the approval of the judge of the County Court before it could be paid by the administrator.

It may be inferred from the pleading—and as is shown in the case of Campbell, administrator de bonis non of Nathaniel Bailey, v. Shotwell, executor, which has been just decided by this court—that the real question upon which the merits of this controversy must ultimately turn is, Whether, when an estate is being settled under a will which directs that no action be had by the court in the administration of the testator's estate beyond proof and record of the will, return of an inventory, appraisement of the property, and giving a bond, the allowance of a claim by the executor, when he has habitually asked the approval of the court on other claims against the estate, can be regarded as conclusively establishing a claim not thus approved, and bind the administrator de bonis non to pay it? This question, however, is, in our judgment, much

too important for us to undertake its decision, unless it was clearly and distinctly presented in the record, and when, too, it has not been argued by counsel. Our declining to do so can affect neither party to the controversy beyond the cost in the case in which it is thus imperfectly and unsatisfactorily suggested by the record.

There is no error in the judgment of which appellee can complain, and it is therefore affirmed.

AFFIRMED.