R. H. JONES AND WIFE v. A. CARVER ET AL.

(Case No. 4642.)

1. DESCRIPTION.— In a suit for specific performance of a contract in writing to convey "a piece of land supposed to be forty acres," the defendant denied the agreement. *Held,* that this imposed on the plaintiff the necessity of proving a valid agreement, although the statute of frauds was not directly invoked as a defense, and such a contract was void for uncertainty, there being neither allegation or proof of fraud or mistake in its execution.
2. PAROL EVIDENCE.— Parol evidence is inadmissible to aid a description of land so uncertain and defective.
3. SPECIFIC PERFORMANCE.— Specific performance of an agreement for the conveyance of land resting in parol will not be enforced, unless the whole or the greater

part of the purchase money has been paid, and equitable reasons, in addition, can be shown. Evidence that the greater part of the purchase money was paid by one who afterwards cut all the timber from the land, paid taxes, and claimed to have purchased it, will not of itself authorize a decree for a specific performance of a parol agreement to convey it to him.

4. SAME.— Nor will specific performance be decreed, of any agreement, unless the parties have described the land to be conveyed in their agreement, or unless it furnishes the means by which it can be identified with reasonable certainty; following Story's Equity, 767, and many cases to the like effect.

ERROR from Dallas. Tried below before the Hon. George N. Aldredge.

The instrument on which this suit for specific performance was based was a bond executed by Abraham Carver, February 23, 1856, for $300, payable to James N. Smith, and conditioned as follows:

"The condition of the above obligation is such, that whereas the said Carver has sold unto said Smith a piece of land, supposed to be forty acres, for $160, $150 of which is paid, the balance, at $4 per acre, to be paid when a deed is made; when a good and sufficient deed is made, this obligation shall be void, otherwise remain in full force and effect in law. Given under my hand and scrawl for seal the day and date above written.

"ABRAHAM CARVER." [SEAL.]

*Geo. R. Feame*, for plaintiff in error, cited Patton v. Rucker, 29 Tex., 408; Wheeler v. Friend, 22 Tex., 683; 1 Story's Eq., sec. 110 *et seq.*, and Farris v. Bennett, 26 Tex., 568.

STAYTON, ASSOCIATE JUSTICE.— This cause was decided in the court below against plaintiffs in error upon two grounds:

1st. Because the bond upon which the action is based does not sufficiently describe the land sought to be recovered to authorize a decree for specific performance.

2d. Because of the insufficiency of the proof to establish that the omission of any reasonably certain description of the land was the result of accident or mistake.

The only part of the instrument sued upon bearing upon the description of the land is "a piece of land supposed to be forty acres." It is not stated out of what grant it is. to be taken, or that it is an entire grant; nor is it even stated in what county or state the land is situated.

The defendants deny the agreement for the sale of the land, and this imposes upon the plaintiffs the necessity of proving a valid agreement, which the law will enforce, and this although the de-

fendants have not directly invoked the statute of frauds as a defense. Patton *v.* Rucker, 29 Tex., 411.

The rule is, that a written agreement for the sale of land must contain the essential terms of a contract, expressed with such certainty that it may be understood without recourse to parol evidence to show the intention of the parties; and no part of such contract is more essential than that which identifies the subject matter of the agreement.

As was said by Coke, Justice, in the case of Patton *v.* Rucker, 29 Tex., 409, "The statute of frauds requires contracts of this character to be in writing. The object of the statute would be defeated, and the very evil intended to be provided against introduced and stimulated, if so material an ingredient in the contract as a definition and description of its subject matter were allowed to be proved by parol. It has, therefore, been long since well settled, that parol proof is inadmissible for that purpose."

It has often been held, and correctly held, that a specific performance of a contract to convey land will not be enforced unless the parties have described the land to be conveyed in the contract, or unless the contract furnishes the means by which the land can be identified with reasonable certainty. Reed's Heirs *v.* Hornback, 4 J. J. Marsh., 375; Ellis *v.* Deadman's Heirs *et al.*, 4 Bibb, 467; Baldwin *et al. v.* Kirlin, 46 Ind., 427; Fisher *v.* Kuhn, 54 Miss., 480; Leading Cases in Equity, vol. 2, part 1, 1028–1031, and citations; Ives *v.* Armstrong, 5 R. I., 595; Story's Equity, 767; Waterman on Specific Performance of Contracts, 152.

There is no evidence in the record tending to show that the instrument made the basis of this suit was not written and executed just as both parties intended that it should be.

It is not claimed that either party was of unsound mind; nor that there was any fraud through which the instrument was made to express less than the parties intended; but the contention is that the court should have done for the parties, through the parol evidence introduced, that which the law requires to be done by the parties through a written contract.

In other words, it is claimed that although the parties have never made a contract in such a manner as the law can recognize and the courts will enforce, yet that they, through parol evidence, should be permitted to establish such a contract as they ought to have made in writing, and that the courts ought to enforce it. This a court of equity does not do. Leading Cases in Equity, vol. 2, part 1, 920–1040, where the whole question is discussed and the English and American authorities are collected. Story's Equity, 769–770*b*.

Any contract between the parties in reference to the land described in the petition rests in parol, and to entitle the plaintiffs to its specific performance, it is not enough, under the decisions of this court, to show that such a contract was made, and that the greater part, or even all, of the purchase money has been paid; some other equitable matter must be shown to entitle a party to the specific performance of such a contract. Garner v. Stubblefield, 5 Tex., 558; Dugan v. Colville, 8 Tex., 128; Neatherly v. Ripley, 21 Tex., 434.

There is nothing shown in this case except that the greater part of the purchase money was paid many years ago, and that the ancestor of the plaintiffs had, soon after he claimed to have purchased the land, cut the greater part of the timber thereon, and the payment of taxes for some years.

The cases of Dugan v. Colville, 8 Tex., 128; Neatherly v. Ripley, 21 Tex., 434, and other cases decided by this court, indicate the character of equities which will entitle a person to the specific performance of a parol contract to sell land; and, as said in the case of Ann Berta Lodge v. Leverton, we are unwilling to extend the operation of the rule to cases not fairly within the rules heretofore laid down in the decisions of this court.

The rule plainly provided by statute, which requires parties desiring to contract in reference to the sale of land to reduce their contracts to writing, is a wholesome rule, and he that expects to have his contracts, not made in the manner prescribed by law, enforced, must show that it will operate as a fraud upon him if the contract is not enforced, and that no other adequate and complete relief can be given otherwise than by the specific performance of the contract. No such case is shown by the record before us.

The judgment of the court below is affirmed.

AFFIRMED.

[Opinion delivered April 24, 1883.]