## T. H. ZANDERSON v. D. SULLIVAN.

### No. 633.—Decided February 21, 1898.

**1. Partition.**

Partition of land means a division of it, according to quantity and value, in proportion to the interest of each owner; and may be made parol. (Rev. Stats., art. 3618.) (P. 502.)

**2. Same—Distinguished from Sale—Statute of Frauds.**

An agreement to divide a lot in equal quantities between owners in common, the one getting a certain corner to pay $1150 for the difference in value, is a contract for purchase and sale, not for partition merely, and must be by writing containing within itself all of the necessary elements of such contract; such element, if lacking in the written instrument, could not be supplied by parol. (P. 502.)

**3. Same—Case Stated.**

The following writing relied on to establish such contract: "Proposition: All costs and lawyers fees for litigation $150, also $1000 for choice of corner,"—to which was appended: "I accept the above proposition. T. H. Zanderson," did not identify the land nor furnish data therefor, nor disclose the name of the seller, nor show which one was entitled to purchase from the other, nor was it signed by the party sought to be charged therewith. These requisites could not be supplied by parol. (P. 500-503.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*Upson, Bergstrom & Newton* and *Franklin & Cobbs*, for plaintiff in error.—The entire contract not being in writing, but merely a memorandum thereof written by D. Sullivan and delivered by him to Zanderson, embracing a proposition as the consideration to be paid for choice of corners for partition of the property between himself and Zanderson, and not embracing the entire terms of the contract, it was perfectly competent to prove by the attorney of Zanderson all that was said by D. Sullivan when the proposition was accepted and money tendered, relating to the agreement for partition. Murrell v. Mandelbaum, 85 Texas, 27; Warren v. Frederichs, 76 Texas, 647.

It was competent for Zanderson to have and introduce in evidence a map made by a surveyor, explanatory of and showing a proper description of the common property sought to be divided and partitioned between them in connection with his testimony, it not being denied on either side the joint ownership of the property. Haney v. Clark, 65 Texas, 97; Griffith v. Rife, 72 Texas, 187.

Where a written memorandum is wholly written by a party to be charged therewith, and delivered to the opposite party and accepted by him in writing, but which written memorandum does not undertake to embrace all the terms and conditions of the partition, or when the same is manifestly ambiguous or vague, the same for that reason is not void, but it is competent to introduce parol testimony to aid or explain the same, and is admissible to prove the entire agreement to partition property, a part only of such contract having been reduced to writing. Preston v. Breedlove, 36 Texas, 97; Hamman v. Keigwin, 39

Texas, 45; Railway v. Jones, 63 Texas, 524; Kirk v. Brazos County, 73 Texas, 59; Westmoreland v. Carson, 76 Texas, 623; Bishop on Contracts, sec. 342; Martin v. Roberts, 57 Texas, 568.

The court did not err in admitting in evidence the written instrument referred to. Thomas v. Hammond, 47 Texas, 55; Westmoreland v. Carson, 76 Texas, 623; Railway v. Jones, 82 Texas, 156; Murrell v. Mandelbaum, 85 Texas, 27; Warren v. Frederichs, 76 Texas, 647; Bishop on Contracts, sec. 342.

The court did not err in instructing the jury to find a verdict for the plaintiff under all of the testimony, the appellant not having introduced any evidence contradictory of and to the testimony offered by appellee and intervenor.   Same authorities.

In support of a motion for rehearing, which was overruled, counsel for plaintiff contended that the transaction was a partition, not a sale, and cited: Wardlow v. Miller, 69 Texas, 399; 17 Am. and Eng. Encycl., Law, 664, 672; Davis v. Agnew, 67 Texas, 206; James v. Fulcrod, 5 Texas, 516; Aycock v. Kimbrough, 71 Texas, 333; Benjamin on Sales, 2.

*Ogden & Terrell*, for defendant in error.—To render a contract a binding agreement it must contain the names of the contracting parties. Watermann on Specific Performance, sec. 145 and note.

Should the terms of a written instrument be so "incomplete, indistinct or equivocal, as, after applying to them all the help which the rules of interpretation offer or permit, to leave it uncertain what it was to which the parties mutually consented, the consequence is the same as when there is no consent." Bishop on Contracts, secs. 116, 117, 390; Watermann, Specific Performance, sec. 141.

This instrument under consideration is so devoid of all elements necessary to constitute the basis of a contract for division of lands, that it is incapable of being aided by parol proof.   Giddings v. Day, 84 Texas, 608; Cook v. Oliver, 83 Texas, 562; Kingston v. Pickins, 46 Texas, 101; Jones v. Carver, 59 Texas, 295.

If a writing is to be considered a mere opening of negotiations, no acceptance can transmute it into a contract.   Patton v. Rucker, 29 Texas, 402; Foster v. Land Co., 2 Texas Civ. App., 505; Moulton v. Kershaw, 18 N. W. Rep., 172; Lyman v. Robinson, 14 Allen, 242; Bishop on Contracts, 324, 319.

The alleged written instrument, unaided by the oral testimony, did not even tend to prove the agreement for partition alleged in plaintiff's petition and the oral testimony was absolutely silent as to any agreement to partition in any particular way.   Taylor v. McNutt, 58 Texas, 71; Moss v. Helsley, 60 Texas, 426.

BROWN, ASSOCIATE JUSTICE.—We copy the statement of the case and findings of facts from the opinion of the Court of Civil Appeals:

"T. H. Zanderson instituted suit against appellant to compel parti-

tion of a certain tract of land situated in the city of San Antonio, as agreed between the parties, and it was alleged, that appellee Zanderson and appellant were joint and equal owners of the land, that there was a lawsuit then pending between said owners and the city of San Antonio as to the boundary line between said land and Nueva Street, that in 1893 appellant proposed to said Zanderson, in order to partition said land, that if he would pay the attorney's fees and costs in said suit and would pay appellant $1150 in cash he would agree that a line beginning in the middle of the line fronting on South Flores Street, after excluding the strip in controversy with the city, and run through the tract to the west line, should be the division line, and that said Zanderson might select the North lot as his part. It was alleged that Zanderson accepted the offer and tendered the money, but appellant refused to abide by his agreement. The suit was brought to compel specific performance. G. R. Sullivan and R. M. Flach intervened in the suit, the first alleging that he had bought out Zanderson, and the latter that he held a mortgage on said land executed to him by G. R. Sullivan.

"The trial took place before a jury, and a verdict was instructed for the plaintiff and intervenor G. R. Sullivan, and also that the land was subject to mortgage of R. M. Flach. The jury returned the following verdict: 'We the jury find for the plaintiff and the intervenor G. R. Sullivan and that the interest of said plaintiff and intervenor is subject to the mortgage of intervenor R. M. Flach.' Judgment was rendered in favor of plaintiff and intervenor for the land claimed in the pleadings, and for appellant for the balance of the land and for $1150, which was to be a lien upon the land set apart to plaintiff and intervenor Sullivan, and it was adjudged that the land was also subject to the mortgage of Flach.

"The written document upon which the suit for specific performance rested was as follows: 'Proposition: All costs and lawyers fees for litigation $150, also $1000 for choice of corner.' To this was appended the following: 'I accept the above proposition. T. H. Zanderson.' In connection with the introduction of the above writing Zanderson testified that the whole of the document was written by appellant except the acceptance, and further: 'At the time this paper was written by Mr. Sullivan, we were talking about buying the first choice of corners in this piece of property, that is the only piece of property we had in conjunction or partnership. We were talking about that piece of property we had an interest in, corner of Nueva and S. Flores Sts. The litigation referred to in the paper was about a strip of land in contest with the city. The city claimed a strip of land on Nueva Street, about 4 or 5 feet, and the costs of litigation referred to in the instrument is the costs of suit between the city and Mr. Sullivan and myself, in regard to this piece of property, the $150 cash referred to in the instrument was $150 if we could get this strip of land from the city. The proposition of costs, lawyer's fees and $150 referred to this piece in litigation between the city and ourselves. The $1000 for choice of corners, the corner

of Nueva and South Flores Streets, the object was to settle the matter of division.'

"The instrument itself, and the parol testimony of Zanderson elucidating it, was introduced over the objection of appellant, and that action of the trial court is presented as error. Was the contract so indefinite as to be void, or was it such an one as that parol testimony was admissible to explain it?".

It is so well settled by the decisions of this court that lands may be partitioned among joint owners by parol that it is not necessary to cite authority to support the proposition. Such partition is valid although actual possession does not follow the division. Glasscock v. Hughes, 55 Texas, 461. We can see no good reason why a parol agreement to partition lands, if it be otherwise valid, should not be binding upon the parties and subject to the same rules of evidence as other contracts which might be in parol. In our opinion, however, the contract which is sought to be enforced by this suit is not a contract for the partition, but for the sale of land.

Partition of land means the division of it according to quantity and value in proportion to the interest of each owner. Our statute provides for the partition of land by commissioners appointed by the court and prescribes their duty in the following language: (Art. 3618, Rev. Stats.) "The commissioners shall divide the real estate to be partitioned into as many shares as there are persons entitled thereto, as determined by the court, each share to contain one or more tracts or parcels, as the commissioners may think proper, having due regard in the division to the situation, quantity and advantage of each share, so that the shares may be equal in value, as nearly as may be, in proportion to the respective interests of the parties entitled." The foregoing article contains a correct definition of a partition of lands, whether made by the court or by the parties themselves. Such a partition conveys none of the land of one of the joint owners to another, but simply separates and designates that part which belongs to each. It is therefore held that a partition of land does not come within the terms of our statute of frauds.

The contract which it is claimed was made between Zanderson and Sullivan, by the proposition submitted by the latter and accepted by the former, is not a contract purely for the partition of the property which belonged to them jointly, but, considered in connection with the parol evidence which was admitted, it contemplated a partial partition by setting apart one-half of the frontage to Sullivan and a purchase from him of an interest in the remaining half which was upon the corner of the two streets, for which Zanderson was to pay the sum of $1000. To illustrate the matter, suppose the land in question had been divided into two lots of 67 feet 6 inches each; if divided according to its frontage on Nueva street, the corner lot would be worth $21,000 and the inside lot $19,000, according to the testimony. Both parties owned equally the two lots, and if the one which was valued at $19,000 be given to Sulli-

van—then he would own in the other lot $1000 worth or one twenty-first part of the land. In order to acquire his interest in that land Zanderson proposed to purchase it from him at $1000, and thus we see that when the contract is analyzed it is purely and simply a proposition to buy from Sullivan his interest in the corner lot after setting apart to him the inside lot and being a contract for the purchase of real estate it must contain within itself all of the necessary elements of such a contract and such requisites cannot be supplied by parol proof. Jones v. Carver, 59 Texas, 293; Patton v. Rucker, 29 Texas, 402.

The contract sued upon does not identify the land which is the subject of the agreement nor does it in any way furnish data from which it could be identified. It does not disclose the name of the person from whom the purchase is to be made nor does it show which one of the parties is entitled to purchase from the other. It is not signed by Sullivan, the party who is sought to be charged therewith, nor by any person authorized to act for him.

The Court of Civil Appeals did not err in reversing the judgment of the District Court and in remanding the cause, directing that the partition of the land be made between the parties according to their several rights without regard to the instrument sued upon and the judgment of the said Court of Civil Appeals is therefore in all things affirmed.

*Affirmed.*

DENMAN, Associate Justice, did not sit.