## A. W. PENSHORN V. CHRISTIAN KUNKEL ET AL.

Decided December 6, 1905.

**Statute of Frauds—Sale of Land—Written Instrument.**

"Received of A. W. Penshorn fifty dollars on estate of Anna Fechner" is so radically defective as a written instrument showing a sale of land that it can not be aided by extrinsic evidence, nor support an action for specific performance.

Appeal from the District Court of Comal County. Tried below before Hon. L. W. Moore.

*W. B. Stephens, M. E. Guinn* and *J. D. Guinn,* for appellant.—Plaintiff made out a case sufficient under the law to have the contract for the sale of the land specifically performed. Milam v. Gordon, 68 S. W. Rep., 1003; Pomeroy on Specific Performance of Contracts, secs. 90, 152, 158, 227, note; Fry on Specific Performance of Contracts, sec. 229, pp. 165, 166, 176, 209, 212; Pomeroy on Contracts, sec. 171 and note; 1 Greenleaf on Evidence, secs. 286 and 288; 98 Mass., 549; Nichols v. Johnson, 10 Conn., 192.

*H. G. Henne* and *Will G. Barber,* for appellees.—The memorandum fails to show the essential terms of the alleged contract, and, therefore, fails to meet requirements of statute of frauds. Munk v. Weidner, 9 Texas Civ. App., 496; Peters v. Phillips, 19 Texas, 74, 75; Patton v.

Rucker, 29 Texas, 408; Zanderson v. Sullivan, 91 Texas, 499; Morrison v. Hazzard, 88 S. W. Rep., 385; Mentz v. Newwitter, 122 N. Y., 491; Pomeroy's Spec. Per., secs. 72, 85, 87, 91; Browne on Stat. Frauds, secs. 371, 371a; Reed on Stat. Frauds, sec. 392; Woods on Stat. Frauds, secs. 656-658; 2 Kent's Com., 697, 698; Kopp v. Reiter, 146 Ill., 437; Williams v. Robinson, 73 Me., 186; Saveland v. Wisconsin W. Ry., 95 N. W. Rep., 131; Watt v. Wisconsin C. Co., 18 N. W. Rep., 898; Greenleaf's Ev., sec. 268; Page on Contracts, sec. 696; Allen v. Bemis, 94 N. W. Rep., 562.

The memorandum fails to show the parties to the alleged contract, and is, therefore, insufficient. Morrison v. Hazzard, 88 S. W. Rep., 385; Grafton v. Cummings, 99 U. S., 100; Clampet v. Bells, 39 N. W. Rep., 495; Wood's Stat. Frauds, sec. 354; Page on Contracts, sec. 698; Glucksman v. Bowers, 52 Atl. Rep., 218.

The memorandum does not sufficiently identify the lots described in the plaintiff's petition as the subject matter of whatever agreement is evidenced thereby, and for that reason is insufficient. Penn v. Texas Y. P. Lumber Co., 79 S. W. Rep., 842; Munk v. Weidner, 29 S. W. Rep., 409, 9 Texas Civ. App., 496; Johnson v. Granger, 51 Texas, 42; Zanderson v. Sullivan, 91 Texas, 499; Holms v. Johnston, 12 Heisk., 155; Page on Contracts, sec. 699; Cusenbary v. Latimer, 67 S. W. Rep., 187.

KEY, ASSOCIATE JUSTICE.—This is a suit for specific performance of a contract of sale of real estate, and also for damages against some of the defendants, if the contract is not enforced. There was a nonjury trial, resulting in a judgment for all of the defendants, and the plaintiff has appealed.

There is no statement of facts in the record, and the case is submitted in this court on the trial judge's findings of fact. The judge made no findings on the issues relating to damages, so that branch of the case is eliminated.

The defendants pleaded the statute of frauds as against the claim for specific performance, and that plea was sustained. The written instrument relied on as taking the case out of the statute reads as follows:

"New Braunfels, Texas, April 11, 1904. Received of A. W. Penshorn, fifty dollars on estate of Anna Fechner. (Signed) Chris. Kunkel."

We agree with the trial court that this instrument was so radically defective that it could not be aided by extrinsic evidence, and did not take the case out of the statute of frauds. (Patton v. Rucker, 29 Texas, 408; Zanderson v. Sullivan, 91 Texas, 499; Morrison v. Hazzard, decided by this court at its last term, 88 S. W. Rep., 385.)

No error has been shown, and the judgment is affirmed.

*Affirmed.*