## William Osborne v. John T. Moore.

### No. 3564.   Decided January 31, 1923.

### (247 S. W., 498.)

**Statute of Frauds—Sale of Land.**

The memorandum relied on to take a parol contract for sale of real estate out of the operation of the Statute of Frauds consisted of a check on a bank by the purchaser, payable to the owner, "to bind deal on one block and six room house on North Oak Street," marked "accepted" by agent of owner authorized to sell, who testified that he sold the property to such buyer and accepted his check as earnest money to bind the trade. *Held*:

(1)   The memorandum in writing of the promise to sell required by the Statute of Frauds (Rev. Stats., art. 3965) must show an agreement to sell the particular land involved with such certainty that it may be understood without resort to parol evidence.  Jones v. Carver, 59 Texas, 293, and other cases followed.   (p. 363).

(2)   The writing must furnish, in itself or by reference to some other writing, the means by which the particular land to be conveyed can be identified.  Patton v. Rucker, 29 Texas, 402, and other cases, followed.

(3)   A "deal" may indicate a lease or other transactions with respect to the land than a sale; and this memorandum does not contain nor necessarily imply a promise to sell or convey.  Morrison v. Dailey, 6 S. W., 426; Fulton v. Robinson, 55 Texas, 401; Peters v. Phillips, 19 Texas, 70, distinguished. (pp. 363, 364).

(4)   The description, "one block and six room house on Oak Street," leaves the identification of the property to inference or parol testimony.  The inference that it was that of Moore, the payee of the check, is not a necessary one.   (p. 364).

(5)   The town, county, or State where the property was situated are not stated, and are not to be inferred to be in Mineral Wells because the check was drawn on a bank in that town.   (p. 364).

(6)   The check and written memorandum were not sufficient to comply with the Statute of Frauds, and were properly excluded when offered in evidence in an action for specific performance.   (p. 365).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Palo Pinto County.

The Supreme Court referred the question to the Commission of Appeals, Section A, for their opinion thereon, and here adopts same as its answer to the question.

*S. D. Goswick*, and *Penix, Miller, Perkins & Dean*, for appellant.

The instrument offered in evidence is sufficient as a basis in writing for plaintiff's cause of action and to defeat the Statute of frauds. Morrison v. Dailey, 6 S. W., 426; Fulton v. Robinson, 55 Texas, 401; Wilson v. Smith, 50 Texas, 365; Peters v. Phillips, 19 Texas, 70; Fisher v. Bowser, 1 Posey, 346; Hermann v. Likens, 90 Texas, 448, 39 S. W., 282; Slaughter v. City of Dallas, 101 Texas, 315, 107 S. W., 48; Hopkins v. Walters, 224 S. W., 516.

*Gross, Gross & Lively*, and *Ritchie & Ranspot*, for appellee.

The check or "instrument" set out in appellant's first assign-

ment of error is within the Statute of frauds. "A contract for the purchase (and sale) of real estate must contain within itself all the necessary elements of such a contract, and such requisites cannot be supplied by parol proof;" therefore, the court did not err in refusing to admit in evidence the said check. Jones v. Carver, 59 Texas, 295; Patton v. Rucker, 29 Texas, 409; Zanderson v. Sullivan, 42 S. W., 1027; Zanderson v. Sullivan, 91 Texas, 499, 44 S. W., 484; Rosen v. Phelps, 160 S. W., 104; Kellner v. Ramdohr, 207 S. W., 169; Cusenbary v. Lattimer, 28 Texas Civ. App., 217, 67 S. W., 187; Johnson v. Granger, 51 Texas, 44; Watson v..Baker, 71 Texas, 739, 9 S. W., 867; Penn v. Yellow Pine Co., 35 Texas Civ. App., 181, 79 S. W., 842; Munk v. Weidner, 29 S. W., 409; Morrison v. Hazzard, 88 S. W., 386.

Mr. Judge GALLAGHER delivered the opinion of the Commission of Appeals, Section A. .

This is a suit by William Osborne as plaintiff against John T. Moore as defendant, for specific performance of a verbal contract by which defendant agreed to sell and plaintiff agreed to buy a block of land together with a six room house thereon situated on North Oak Street in the city of Mineral Wells, and particularly described as block 11 of the Wiggins Addition to said city. The defendant, among other defenses, invoked the statute of frauds. The writing offered by plaintiff as compliance with the requirements of said statutes was a check which, together with the memorandum thereon, reads as follows:—

"Mineral Wells, Texas, March 3, 1919 No. ——
The Bank of Mineral Wells, 88-241
            (Unincorporated)
Pay to John T. Moore or order $100.00
One Hundred and No/100 ....Dollars.
To bind deal on
1 block and 6 room
house on North Oak St.,       Wm. Osborne,
Accepted. Hunter & Graves by M. D. Hunter, agent."

The plaintiff, in connection with said check offered evidence of M. D. Hunter that he was the duly authorized agent of the defendant for the sale of said property; that he sold the same to plaintiff and accepted said check from plaintiff to bind the trade and as earnest money thereon.

The defendant objected to the introduction of said check in evidence on the following grounds:

"That the same was insufficient as a contract in writing for the sale and purchase of the real estate; that said instrument does not show that it was given in a transaction involving the sale and pur-

chase of property nor does it sufficiently describe the property nor give its location, and that said instrument is too vague, uncertain and indefinite to form a basis of plaintiff's suit for specific per- ·formance.''

The trial court sustained the objection and refused to admit the check in evidence and rendered judgment for the defendant. Plain- tiff appealed. The Court of Civil Appeals being unable to entirely agree upon the law of the case certified to the Supreme Court the following question:

''Did the trial court err in excluding said check and written memorandum?''

The statute of frauds of this State provides that no action shall be brought upon any contract for the sale of real estate or the lease thereof for a longer term than one year unless the promise or agree- ment upon which the same is brought or some memorandum there- of shall be in writing and signed by the party to be charged there- with, or by some person by him thereunto lawfully authorized. Rev. Statutes, Art. 3965.

It is the general rule that to constitute compliance with the pro- visions of this statute the writing, whether a formal contract or a mere memorandum, must contain the essential terms of a contract expressed with such certainty that it may be understood without recourse to parol evidence to show the intention of the parties. Jones v. Carver, 59 Texas, 293, 295; 25 R. C. L. p. 645, sec. 276; 20 Cyc. p. 258. This rule, however, as construed by our Supreme Court does not require that the writing shall contain all the stipulations agreed to by the parties, and the writing will be deemed sufficient in a suit against the seller for specific performance if it be signed by him and shows an agreement to sell or convey the particular land involved in the suit. Morrison v. Dailey (Sup. Ct.), 6 S. W.. 426. No part of such contract is more essential than the description by which the subject-matter thereof is to be identified. With ref- erence to the description in such cases our Supreme Court has uni-· formly held that the writing must furnish in itself, or by reference to some other writing, the means or data by which the particular land to be conveyed, can be identified. , Jones v. Carver, 59 Texas, 293, 295; Patton v. Rucker, 29 Texas, 402, 409; Johnson v. Granger,· 51 Texas, 41, 44-5; Zanderson v. Sullivan, 91 Texas, 499, 503, 44 S. W., 484; Coker v. Roberts, 71 Texas, 597, 601-2, 9 S. W., 665.

We do not think the check under consideration meets either of these requirements. It certainly does not contain an express prom- ise to sell or convey any land nor do we think such promise is necessarily implied by the language used in the memorandum there- on. A ''deal'' between two parties includes any transaction of any kind between them. 17 C. J. 1153. When applied to a transaction

concerning a house and block it does not necessarily imply an agreement to sell or convey the same. The indorsement "to bind deal" may refer to an agreement to sell or convey or it may refer to an entirely different kind of transaction, such, for instance, as an agreement to rent or lease the property. The receipt held to constitute a sufficient compliance with the statute in Morrison v. Dailey, *supra*, recited that the signer had sold the property to the party to whom it was given. The receipt held a sufficient compliance with the statute in Fulton v. Robinson, 55 Texas, 401, recited that the money for which it was given was received in part payment for the land described therein. The receipts referred to and discussed in the case of Peters v. Phillips, 19 Texas, 70, 74, 70 Am. Dec., 319, all disclosed expressly or by necessary implication an agreement to sell or convey. Parol evidence is not admissible to prove such an important element of the contract as the real kind or character of the transaction actually agreed upon by the parties.

The check and memorandum thereon under consideration in this case described the property as "one block and 6-room house on North Oak Street." It does not further describe the land. Every other element of description is left to inference or to be supplied by parol. When the description of the property to be conveyed is of doubtful sufficiency, ownership is an important element. Slaughter v. Dallas, 101 Texas, 315, 107 S. W., 48; Taffinder v. Merrill, 95 Texas, 95, 101, 93 Am. St., 814, 65 S. W., 177; Pierson v. Sanger Bros., 93 Texas, 160; 164, 53 S. W., 1012; Watson v. Baker, 71 Texas, 739, 9 S. W., 867. The owner of the property referred to in said memorandum is not stated. We are left to infer that it belonged to defendant, Moore, because he is payee in the check. Such inference is not a necessary one and will not be indulged to support a writing otherwise insufficient. Jones v. Carver, 59 Texas, 293; Penn v. Yellow Pine Lumber Company, 35 Texas Civ. App., 181, 79 S. W., 842 (writ refused); Rosen v. Phelps, 160 S. W., 104 (writ refused); Kellner v. Ramdohr, 207 S. W., 169, 171.

The memorandum on said check does not show in what town, city, county or state the house and block referred to therein are situated. We are asked to infer that they are situated at Mineral Wells, Texas, because the check is given on a Mineral Wells bank. We do not think this fact of any probative force. Kellner v. Ramdohr, *supra*.

The check and memorandum thereon construed together do not sufficiently describe the house and block referred to therein to identify the same nor to afford a sufficient basis for the decree of specific performance sought in this case. Jones v. Carver, 59 Texas, 293; Johnson v. Granger, 51 Texas, 42; Coker v. Roberts, 71 Texas, 597, 601-2, 9 S. W., 665; Slaughter v. Dallas, 101 Texas, 315, 107 S. W., 48; Zanderson v. Sullivan, 91 Texas, 499, 503, 44 S. W., 484; Penn

v. Texas Yellow Pine Lumber Company, 35 Texas Civ. App., 181, 79 S. W., 842 (writ refused); Rosen v. Phelps, 160 S. W., 104 (writ refused); Cusenbary v. Lattimer, 28 Texas Civ. App., 217, 67 S. W., 187 (writ refused.)

We answer the question propounded as follows:—

The trial court did not err in excluding said check and written memorandum.

### BY THE SUPREME COURT.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.