## STARKEY et al. v. TEXAS FARM MORTG. CO.

### No. 1144.

Court of Civil Appeals of Texas. Waco.

Jan. 14, 1932.

Rehearing Denied Feb. 11, 1932.

See also (Tex. Civ. App.) 25 S.W.(2d) 229.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, and Frazier & Averitte, of Hillsboro, for appellants.

Herbert W. Whisenant and S. W. Marshall, both of Dallas, for appellee.

ALEXANDER, J.

This action was brought by H. B. Starkey and J. A. Harper against the Texas Farm Mortgage Company to recover damages for breach of contract for the sale of land. The trial court sustained a general demurrer to plaintiff's petition on the ground that the alleged written contract did not sufficiently describe the land agreed to be sold. The plaintiffs failed to amend and the court dismissed the suit. Hence this appeal.

The contract alleged to have been entered into between the parties was in writing and was as follows:

"Received of H. B. Starkey and J. A. Harper the sum of $250.00 in cash as earnest

money, to be applied on the purchase price of 60 acres of land out of the Cyrus Sullivant survey, in Hill County, Texas, said 60 acres being sold to Messrs. Harper and Starkey for a consideration of $3,600.00 in cash, the balance of the cash payment to be made when abstract and deed are delivered to the Texas Bank and Trust Company, at Austin, Texas. It is agreed that Messrs. Harper and Starkey may take immediate possession of said 60 acres.

"Texas Farm Mortgage Company,
"By, Geo. M. Bailey, Jr."

■ Under the statutes of fraud of this state all contracts for the sale of land must be in writing. Revised Statutes, article 3995. It is well settled that a contract for the sale of land to be sufficient under our statute must describe the land to be conveyed or must furnish the means or the key by which it can be identified with reasonable certainty. No part of the contract is more essential than the description by which the subject-matter thereof is to be identified. Osborne v. Moore, 112 Tex. 361, 247 S. W. 498, and cases there cited.

■ The question is: Does the above contract describe the land or furnish the means by which it can be identified? The only language in the contract descriptive of the land to be sold is, "60 acres of land out of the Cyrus Sullivant Survey in Hill County, Texas." The contract does not purport to cover all of the land in the survey in question, but only 60 acres out of said survey. It is apparent that the contract neither describes the particular 60 acres out of said survey that is being sold, nor furnishes any means by which it can be identified. The appellants in their petition described the 60 acres which they claimed was intended to be covered by the contract, and alleged that this was the only land owned by the vendor in the survey in question. They here contend that the presumption is that a vendor will not contract to sell any other land than that owned by him, and since the vendor owned no other land in the survey in question, parol evidence was admissible for the purpose of identifying the land intended to be sold. It is not a necessary inference, however, that the appellee was the owner, simply because it contracted to sell the land. This same question was before the court in the case of Osborne v. Moore, 112 Tex. 361, 247 S. W. 498, 499, and the court there said: "The owner of the property referred to in said memorandum is not stated. We are left to infer that it belonged to defendant, Moore, because he is payee in the check. Such inference is not a necessary one, and will not be indulged to support a writing otherwise insufficient." (citing authorities). Contracts almost identical with the one here sued on were before the courts in the cases of Rosen v. Phelps (Tex. Civ. App.) 160 S. W. 104 (writ ref.); Penn v. Texas Yellow Pine Lumber Co., 35

Tex. Civ. App. 181, 79 S. W. 842 (writ ref.); Osborne v. Moore, 112 Tex. 361, 247 S. W. 498; and Kellner v. Ramdohr (Tex. Civ. App.) 207 S. W. 169. In each of those cases it was alleged and proven that the vendor owned the land in question and that he owned no other land that would fit the description given in the contract. In each of such cases, however, it was held that the description was insufficient.

■ The appellants, in addition to setting out the above contract, alleged that after the agreement had been entered into the parties orally agreed that the deed to the land, instead of being sent to the bank at Austin as originally agreed, should be sent to the Liberty National Bank at Waco and delivered to the appellants upon the payment of the balance of the purchase money; and that said deed properly describing the land, with draft attached for the purchase money, was actually sent to said bank. It is here contended that the execution of said deed and the delivery of same to the bank constituted a sufficient written memorandum of the agreement. A deed to land when properly executed may form the basis of a contract for the sale of land under the statutes of fraud, but in order to serve this purpose it must be delivered. 27 C. J. 300, § 384. It has been held that delivery in escrow is sufficient. Simpson v. Green (Tex. Com. App.) 231 S. W. 375; Pearson v. Kirkpatrick (Tex. Civ. App.) 225 S. W. 407; Day v. Townsend (Tex. Com. App.) 238 S. W. 213. The deed in this case was not delivered to the vendees, and we do not think the facts alleged are sufficient to show an escrow agreement. In order to constitute a valid escrow agreement the parties must actually contract, and the deposit of the instrument in pursuance of the agreement must be absolute and be beyond the control of the depositor. 21 C. J. 866. A deposit made by the depositor alone will not be sufficient to constitute a valid escrow. It must be made by the mutual agreement of all of the parties to the instrument. 21 C. J. 870, § 12; Cooper v. Marek (Tex. Civ. App.) 166 S. W. 58, sec. 1; Gholson v. Thompson (Tex. Civ. App.) 298 S. W. 318, sec. 6; Covert v. Calvert (Tex. Civ. App.) 287 S. W. 117. In order for an escrow agreement to be binding, the parties must agree that the very contract in question is delivered to a third party to be held and delivered subject to some condition or contingency, and that upon the happening of the condition or contingency, the contract as written shall become binding upon both parties. Tanner v. Imle (Tex. Civ. App.) 253 S. W. 665; Fitch v. Bunch, 30 Cal. 208, 212; Miller v. Sears, 91 Cal. 282, 285, 27 P. 589, 590, 25 Am. St. Rep. 176; 21 C. J. 866, note 6.

■ The deed in question had not been executed at the time the agreement was entered into. There is no allegation that the ven-

dees ever saw the deed, nor that they agreed that it properly described the land to be sold, nor was it agreed that it embodied the terms of the contract entered into by them. In fact, it was not alleged that the parties agreed that the deed should become the contract between them. It was at most an offer on the part of the vendor to sell the particular land therein described on the terms therein stated. Such offer was never accepted by the vendees, and it therefore did not become a binding contract between the parties.

The trial court did not err in sustaining the demurrer to the plaintiff's petition.

The judgment of the trial court is affirmed.