## MacLANE v. SMITH.
### No. 14793.

Court of Civil Appeals of Texas.
Fort Worth.
Oct. 11, 1946.

Rehearing Denied Nov. 8, 1946.

Tom M. Miller, of Graham, for appellant.

E. M. Remington and Fred T. Arnold, both of Graham, for appellee.

HALL, Justice.

Appellee B. A. Smith of Jack County, Texas, sued the appellant James A. MacLane of Young County, Texas, for the return of $1,000 earnest money which he had deposited with appellant to guarantee the performance of the purchase of land in Young County, Texas, pending between the parties as outlined in a written agreement, a portion of said contract providing as follows:

"First: That first party (MacLane) hereby contracts and agrees and binds himself, his heirs, executors and administrators, to convey unto second party (Smith) or his assigns, by good and sufficient general warranty deed in writing, the following described real estate, located in Young County, Texas, to-wit:

"1st Tract: 58 acres more or less out of the G. Moseley Survey, Abstract No. 1338.

"2nd Tract: 42 1/2 acres more or less out of the G. W. Parker Survey, Abstract 1513.

"3rd Tract: 335.81 acres more or less out of B. G. Moseley Survey, Abstract No. 2222.

"4th Tract: 52.43 acres more or less out of the R. F. Bellomy Survey, Abstract No. 1290.

"5th Tract: 161.4 acres out of the J. H. Calhoun Survey, Abstract No. 1585. * *"

The appellant answered in the suit setting up defenses which he contends should enable him to retain the $1,000.

The case was tried before the court and after hearing the evidence, judgment was rendered in favor of appellee. From such adverse judgment the appellant appealed.

The appellee refused to accept the title to the land. He plead the written contract was void under the Statute of Frauds, Vernon's Ann.Civ.St. Art. 3995, on the ground that the description of the land as stated in the written contract to convey was insufficient.

▮ We hold that the contention of appellee to the effect that the contract to convey was unenforcible under the Statute of Frauds, is correct, because of the insufficiency of the legal description of the land to be conveyed; therefore, it is not necessary to discuss other questions raised by either party.

▮ The land to be conveyed is described in the contract by merely stating so many acres out of a certain survey, giving the abstract number, and the county and state where the land is situated. The appellee introduced the patent from the State showing each survey contained more land than was described to be conveyed by appellant to appellee, which was not denied by appellant. This insufficiency of a description of the land makes this case come within the purview of the fundamental rule which has been uniformly laid down by our Supreme

Court, to the effect that the writing in a contract to sell real estate must describe the land in question with such certainty, or by reference to some writing or instrument, so the particular land can be identified. Osborne v. Moore, 112 Tex. 361, 247 S.W. 498; Smith v. Griffin, 131 Tex. 509, 116 S.W.2d 1064; Starkey v. Texas Farm Mortgage Co., Tex.Civ.App., 45 S.W.2d 999; Francis v. Thomas, 129 Tex. 579, 106 S.W.2d 257; O'Herin v. Neal, Tex.Civ. App., 56 S.W.2d 1105; Wilson v. Fisher, Tex.Sup., 188 S.W.2d 150.

We therefore hold that the description contained in the contract of sale and purchase between the appellant and appellee fails to meet the test as announced by the many decisions of this State, and the contract therefore is unenforcible under the Statute of Frauds.

The judgment of the trial court in holding the contract unenforcible under the Statute of Frauds, and awarding to appellee judgment for the $1,000.00 sued for, is affirmed.